# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**BETTY JANE AYERS**,

    Plaintiff,

    v.

**MERRICK GARLAND**, *et al.*,

    Defendants.

Case No. 21-cv-1445 (CRC)

## MEMORANDUM OPINION

Plaintiff Betty Jane Ayers filed this *pro se* action after a fellow judge of this court dismissed a virtually identical case for lack of standing. Because the prior ruling correctly determined that Ayers does not have standing to bring her claims, the Court will dismiss this case.

### I. Background

In March 2021, Ms. Ayers filed a complaint against numerous government officials including then-acting Attorney General Robert M. Wilkinson, Chief Justice of the United States John G. Roberts Jr., President Joseph R. Biden Jr., Vice President Kamala Harris, Speaker of the House Nancy Pelosi, and many other members of Congress. Ayers v. Wilkinson, No. 21-cv-551 (ABJ), slip op. at 1 (D.D.C. May 10, 2021). In that complaint, Ayers alleged that certain defendants participated in, or knew about and failed to report, the "repeated rape" of "innocent, defenseless babies." Id. She further alleged that these crimes were captured on audio and video tapes. Id. Ayers requested, among other relief, an order requiring certain officials to resign, directing the military to prosecute defendants (including every member of Congress who voted to certify the election of President Biden and Vice President Harris) for treason, and setting new

elections to be conducted under military supervision.  Id. at 2; see also Compl. at 15-26, Ayers v. Wilkinson, No. 21-cv-551 (ABJ).

Judge Amy Berman Jackson issued an order to show cause why the case should not be dismissed for lack of standing.  Ayers responded with a filing styled as a motion to "dismiss" the order to show cause as "unconstitutional."  Ayers, No. 21-cv-551 (ABJ), slip op. at 2-3.  Judge Jackson then dismissed Ayers's complaint on May 10, 2021, concluding that Ayers lacked standing to bring her claims.  Judge Jackson found that Ayers failed to allege "any facts to show that the complained of circumstances or the relief she seeks would affect her differently than the public at large."  Id. at 5.  Indeed, Judge Jackson noted that "throughout the complaint plaintiff styles herself as a representative of 'We the People,' reinforcing the conclusion that she is pressing a generalized, as opposed to a personal, grievance."  Id.  Ayers also failed to "show[] that her injury would be redressed by a favorable decision," because the Court lacked power to "compel the executive branch to initiate a prosecution" or "compel the military to undertake an investigation, oversee an election, or unseat duly elected or appointed federal officials."  Id. at 5-6.

Undeterred, Ayers responded by filing the present lawsuit, which raises claims materially identical to the ones Judge Jackson dismissed.  See generally Am. Compl.  It appears from the docket that the Amended Complaint has not yet been served on the defendants.

II. **Legal Standard**

"[A] court must dismiss a case *sua sponte* at any time if it concludes that it lacks jurisdiction over the case."  Allen v. Rehman, 132 F. Supp. 2d 27, 29 (D.D.C. 2000).  For the Court to have jurisdiction over an action, the plaintiff must have standing under Article III of the Constitution.  Grocery Mfrs. Ass'n v. EPA, 693 F.3d 169, 174 (D.C. Cir. 2012). "To establish

Article III standing, a party must establish three constitutional minima: (1) that the party has suffered an injury in fact, (2) that the injury is fairly traceable to the challenged action of the defendant, and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. (internal quotation marks omitted).

### III. Analysis

For the same reasons previously explained by Judge Jackson, this Court concludes that Ayers lacks standing to bring her claims. While there are small differences between the Amended Complaint in this case and the complaint that Judge Jackson dismissed, Ayers still "has not alleged any facts to show that the complained of circumstances or the relief she seeks would affect her differently than the public at large." Ayers, No. 21-cv-551 (ABJ), slip op. at 5. Ayers continues to "style[] herself as a representative of 'We the People,' reinforcing the conclusion that she is pressing a generalized, as opposed to a personal, grievance." Id.; see also Am. Compl. Moreover, the Court agrees with Judge Jackson that any injuries Ayers has suffered are not redressable, as the Court lacks the authority to grant the types of relief she seeks. See Ayers, No. 21-cv-551 (ABJ), slip op. at 5 (citing Heckler v. Chaney, 470 U.S. 821, 831 (1985)).

In any event, the present action is also doomed by collateral estoppel. The doctrine of collateral estoppel, also known as issue preclusion, bars a party from engaging in "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." Taylor v. Sturgell, 553 U.S. 880, 892 (2008). This doctrine "applies to jurisdictional issues such as Article III standing." Swanson Group Mfg. LLC v. Jewell, 195 F. Supp. 3d 66, 72 (D.D.C. 2016). The issue of whether Ayers has standing to bring the claims at issue here was previously litigated before Judge Jackson, although Ayers chose to litigate the issue by filing a meritless "motion" that did not directly address the elements of

3

standing. See Ayers, No. 21-cv-551 (ABJ), slip op. at 2-3. Judge Jackson validly ruled on that issue, which was essential to her judgment.

Accordingly, *sua sponte* dismissal of the instant case is warranted. The Court admonishes Ayers that refiling a complaint that has already been dismissed is not a proper litigation tactic and could subject her to the imposition of sanctions.

## IV. Conclusion

For the foregoing reasons, the Court will dismiss the [2] Amended Complaint. A separate Order shall accompany this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: June 30, 2021